IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROGER EUGENE HIGGINS | § | |
| v. | § | CIVIL ACTION NO. 6:07cv90 |
| NATHANIEL QUARTERMAN | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Roger Higgins, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Higgins says that on March 1, 1990, he was convicted of robbery, receiving a sentence of 15 years in prison, with a sentence begin date of December 10, 1989. On June 18, 1991, he was released on parole, and remained on parole until he was re-incarcerated in June of 2003. At that time, Higgins says, his sentence was modified and he received a new discharge date of September 1, 2016, although he was not taken back to court for re-sentencing, nor did he receive any due process in the alteration of his sentence.

Higgins argued that a 15-year sentence beginning on December 10, 1989, had to expire on December 9, 2004. He says that sentences cannot be served in installments and that he was in the legal custody of TDCJ while on parole, so the sentence continued to run. He says that the procedures used to alter his sentence violated the doctrine of separation of powers and asked for monetary damages for his allegedly unlawful confinement.

1

After review of the pleadings, the Magistrate Judge issued a Report on May 11, 2007, recommending that the lawsuit be dismissed.  The Magistrate Judge observed that under Texas law, time spent on parole or mandatory supervision which is subsequently revoked does not count toward the satisfaction of the sentence, and that this has been upheld by the Fifth Circuit.  <u>Newby v. Johnson</u>, 81 F.3d 567, 569 (5th Cir. 1996).  The Magistrate Judge quoted the applicable Texas statute and stated that Higgins' sentence has not been modified; he is still serving a 15-year sentence, which requires him to accumulate 15 years of countable time credits, and the time that he spent on parole which was later revoked does not count toward the sentence.

The Magistrate Judge stated that while sentences cannot be served in installments, this rule does not apply because the interruption of the sentence was caused by Higgins' own fault, as shown by the revocation of his parole.  The Magistrate Judge further determined that the doctrine of separation of powers is not applicable to the states and in any event has not been violated. Consequently, the Magistrate Judge recommended that the lawsuit be dismissed as frivolous.

Higgins filed objections to the Magistrate Judge's Report on May 23, 2007.  These objections state that upon the revocation of his parole and his re-incarceration, the Defendant provided no due process at all before taking away his street time.  He also says that the power to modify a sentence is judicial and cannot be performed by an executive agency.

Higgins argues that the law regarding street time credits appears to be discretionary, inasmuch as it says that a person "may be required" to serve the remainder of his sentence.  He cites Texas cases which held that the petitioner was entitled to the time spent on parole.  He reiterates that parole is part of the punishment and that a sentence cannot be served in installments, and that he was deprived of due process.

Because Texas law provides that time spent on parole which is subsequently revoked does not count toward the sentence, he has failed to identify a protected liberty interest for which process was due.  Higgins does not allege that he was denied a hearing when his parole was revoked, which revocation formed the basis for the re-computing of his sentence discharge date to include only

2

countable time.  The procedures which surrounded the revocation of his parole were sufficient to protect any interest which he had in the time spent while on parole.

Although Higgins argues that the statute is discretionary, and that Texas cases reflect that some inmates do not lose their street time, his citations do not bear this out.  Ex Parte Morris, 626 S.W.2d 754 (Tex.Crim.App. 1982), *overruled by* Ex Parte Hale, 117 S.W.3d 866 (Tex.Crim.App. 2003), has been overruled and in any event dealt with an inmate who was released in error, which Higgins does not allege in his case.  Ex Parte Downey, 471 S.W.2d 576 (Tex.Crim.App. 1971) and Ex Parte Hudson, 655 S.W.2d 206 (Tex.Crim.App. 1983) were also overruled by Hale, and likewise dealt with inmates who had been released  in error.

Ex Parte Keller, 173 S.W.3d 492 (Tex.Crim.App. 2005), concerned an inmate, Garrin Keller, who was serving a sentence for burglary of a vehicle.  While on parole for that offense, in 1997, the inmate pleaded guilty to indecency with a child by contact, which offense he had committed in 1993. He was sentenced to two years in prison, with credit for time served beginning in 1994; thus, Keller had discharged his sentence by October 30, 1996, even though he was not sentenced until 1997.  The question presented was whether the revocation of the street-time should be based on the prior burglary conviction or the indecency conviction, because different laws applied.   The Court ultimately concluded that the indecency conviction should not be considered (because it was not a "previous" conviction), making Keller eligible to have his street time counted.      The relevant statutes, Tex. Gov. Code art. 508.283(b) and (c), read as follows:

   (b)     If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation.

   c)     If the parole, mandatory supervision, or conditional pardon of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's

3

release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation. For a person who on the date of issuance of the warrant or summons is subject to a sentence the remaining portion of which is less than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for an amount of time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.

The offenses described in Section 508.149 include indecency with a child, but not burglary of a vehicle. Thus, if Keller was considered to be serving a sentence for indecency, Section (b) would prohibit the counting of his street time, but if he was considered to be serving a sentence for burglary of a vehicle, section (c) would apply, and whether or not any or all of his street time was counted would depend on the factors listed in the statute.

In this case, Higgins was convicted of robbery, which is another offense described in Section 508.149, and so he falls under Section 508.283(b). This means that the remaining portion of his sentence is computed without credit from the date of his release until the date of revocation. His case is therefore different from that found in Keller, where the petitioner was serving an offense not described in Section 508.149.

Higgins lastly cites to Ex Parte Spann, 132 S.W.3d 390 (Tex.Crim.App. 2004). However, as the Court of Criminal Appeals made clear, Spann was serving a conviction for theft of property of $750.00 or less, which is not an offense described in Section 508.149. Spann, unlike Higgins, therefore fell under Section 508.283(c), and so any restoration of street time granted to Spann does not apply to Higgins.

The contentions that parole is part of the punishment and that Higgins cannot be required to serve sentences in installments were addressed by the Magistrate Judge. Higgins was in custody while on parole, but he is not entitled to the time spent on parole because of the revocation of that status. This revocation amounts to an interruption of the sentence due to the fault of the petitioner, and so the rule against serving sentences in installments is inapposite. See Moultrie v. Georgia, 464 F.2d 551, 552 (5th Cir. 1972); White v. Pearlman, 42 F.2d 788, 789 (10th Cir. 1930). Higgins'

4

argument that only the court can modify his sentence is without merit, in that his sentence had not been modified; he is still serving a 15-year sentence, which requires him to accumulate 15 years of countable time credits, and the time spent on parole which is later revoked is not countable. Although Higgins argues that the statute is discretionary, in that it says that the person "may be required to serve the remaining portion of the sentence on which the person was released," it then goes on to say that "the remaining portion is computed without credit for the time from the date of the person's release to the date of revocation."  Whether or not requiring the person to serve the remaining portion of the sentence is discretionary, the language of the statute makes clear, in non-discretionary language, that the remaining portion of the sentence is computed without credit.  No Texas case has held that the computation of a sentence under Section 508.283(b), without credit for time spent on parole which is later revoked, is discretionary.  Higgins' claims are without merit.

The Court has conducted a careful *de novo* review of the pleadings and documents in this case, including the plaintiff's complaint and amended complaint, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit.  It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice. as frivolous.  28 U.S.C. §1915A(b).  It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 4th day of June, 2007.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**